**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEBBIE WILLIS,<br><br>    Plaintiff,<br><br> v.<br><br>CITIBANK, N.A.,<br><br>    Defendant. | Case No.  CIV-19-332-SLP<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.; and**<br><br>2. **Intrusion Upon Seclusion** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Debbie Willis ("Plaintiff"), by and through her attorneys, alleges the following against Citibank, N.A. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occuCrred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

5.      Plaintiff is a natural person residing in the Marlow, Stephens County, Oklahoma.

6.      Defendant is a banking institution and often issues credit cards to consumers. Its principal place of business is located at 701 East 60th Street, North Sioux Falls, South Dakota 57104.

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.      Defendant is attempting to collect on alleged Best Buy and Sears credit card accounts.

9.      In or around December 2018, Defendant began calling Plaintiff on her cellular phone number ending in 0056.

10.     Defendant called Plaintiff from the following numbers: (866) 322-4983; (877) 437-1981; (877) 836-5629; and (877) 836-5643.

11.     Upon information and belief, Defendant and or its agents own and operate the phone numbers.

12.     On or about December 26, 2018, at 3:23 p.m., Plaintiff received a phone call from (877) 836-5629 and spoke with a representative calling to collect on Plaintiff's alleged Best Buy account.

13.     During the call Plaintiff explained that she was going through a financial hardship–including caring for her disabled husband–and did not have any money to make a payment at the time. She also unequivocally revoked consent to be contacted any further.

14.     Despite revoking consent, Plaintiff continued to receive phone calls from Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

15.    On or about January 4, 2019, at 11:37 a.m., Plaintiff received a call from (877) 437-1981 and spoke with a representative calling to collect on Plaintiff's alleged Sears account

16.    During this call Plaintiff explained her financial hardship again–including caring for her disabled husband–while also requesting to receive communications by mail only and thereby unequivocally revoking consent to be contacted on her cell phone for a second time.

17.    Despite her second request, Plaintiff received a called just minutes later at 11:41 a.m., and continued to receive calls thereafter.

18.    Plaintiff also received many calls while she was at work even though Plaintiff informed Defendant that she is unable to receive calls at work or else she could lose her job.

19.    Between December 26, 2018 and January 11, 2019, Defendant willfully called Plaintiff's cell phone approximately fifty-five (55) times to annoy and harass Plaintiff in the hopes that it could induce her to pay the debt.

20.    Plaintiff would often receive multiple calls a day from Defendant, which indicates the use of an automatic telephone dialing system.

21.    For example, on January 7, 2018, Defendant called Plaintiff six times.

22.    Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, further indicating the use of an automatic telephone dialing system.

23.    Upon information and belief, Defendant's calls were made without any human intervention.

24.    Defendant also left multiple pre-recorded or artificial voice messages for Plaintiff.

25.    Plaintiff works full time but also cares for her disabled husband.

26.    Plaintiff also has her own medical issues due to the high level of stress she experiences on a daily basis, and therefore, takes medication to lower her stress.

COMPLAINT AND DEMAND FOR JURY TRIAL

27.     Due to Defendant's actions, Plaintiff has had the stresses of caring for her disabled husband exacerbated by the belligerent calls by Defendant, further causing Plaintiff to suffer emotional distress, mental anguish-including sleepless nights, invasion of privacy, and actual damages.

## FIRST CAUSE OF ACTION
### TCPA, 47 U.S.C. § 227 *et seq*.

28.     Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as though fully stated herein.

29.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a.      Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.      Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

COMPLAINT AND DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### Intrusion Upon Seclusion

31.     Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as though fully stated herein.

32.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.     Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b.     The number and frequency of the telephone calls to Plaintiff by Defendant after multiple requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c.     Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

34.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35.     As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

### PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Debbie Willis, respectfully requests judgment be entered against Defendant Citibank, N.A. for the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

A.      Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

B.      Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C)

C.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

D.      Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 10th day of April 2019.

By:/s/ *David A. Chami*
David A. Chami, Esq.
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
P: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Debbie Willis*